UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR GALE, DAVID ROZMAREK,
DUWAYNE FULLER, CHARLES WISNISKI,
DEBRA MAKSYM, and HARRY KOLK,

    Plaintiffs,

v.

THE CHARTER TOWNSHIP OF
FILER BOARD OF TRUSTEES, THE
CHARTER TOWNSHIP OF FILER
BOARD OF REVIEW, JACK BALL,
and ELIZABETH ALLEN,

    Defendants.

                                                                                            Case No.  1:15-CV-188

                                       HON. GORDON J. QUIST

_____/

**OPINION**

Plaintiffs, Arthur Gale, David Rozmarek, DuWayne Fuller, Charles Wisniski, Debra Maksym, and Harry Kolk, veterans of the United States armed forces who were honorably discharged, each applied to the Charter Township of Filer for a disabled veteran property tax exemption for their personal residences pursuant to the Dannie Lee Barnes Disabled Veteran Property Tax Relief Act, P.A. 161 (2013).  The Township's Board of Review, and ultimately, the Township, denied their requests for the exemption.  At least two Plaintiffs were required to appeal to the Michigan Tax Tribunal to have the denials overturned, but all Plaintiffs were eventually granted the exemption.

Plaintiffs have sued the Township, the Township's Board of Review, and Board of Review members Jack Ball and Elizabeth Allen, alleging federal- and state-law claims arising out of the denial of Plaintiffs' requests for the exemption.  Plaintiffs allege federal-law claims for violations of their substantive due process and equal protection rights pursuant to 42 U.S.C. § 1983 (Count I)

and violation of the Americans with Disabilities Act (ADA) (Count II), 42 U.S.C. § 12101 *et seq.* Plaintiffs allege state-law claims in Counts III through VII for gross negligence, violation of the Michigan Persons with Disabilities Civil Rights Act and the Michigan Elliot-Larsen Civil Rights Act, intentional infliction of emotional distress, and exemplary damages.[1]

Defendants now move to dismiss the complaint for lack of subject matter jurisdiction, arguing that principles of comity and the Tax Injunction Act (TIA), 28 U.S.C. § 1341, preclude the Court from exercising jurisdiction in this case. Defendants further contend that Defendants Allen and Ball are entitled to absolute quasi-judicial immunity and that Plaintiffs' claims are barred by the doctrine of *res judicata*.[2]

The Court heard oral argument on the instant motion on August 18, 2005 and took the matter under advisement pending receipt of additional briefs on the issue of quasi-judicial immunity, which the parties have now filed. In addition to addressing quasi-judicial immunity, Plaintiffs request leave to amend their complaint in response to Defendants' assertion of *res judicata*. Pursuant to that request, Plaintiffs have filed a proposed amended complaint.

For the reasons set forth below, the Court concludes that it has jurisdiction over Plaintiffs' claims but that dismissal is nonetheless warranted because Plaintiffs' claims are barred by the doctrine of *res judicata*. In addition, the Court will deny Plaintiffs' request for leave to amend because an amendment would be futile.

---

[1] Plaintiffs' claim for exemplary damages is not an independent basis for recovery because "exemplary damages are a form of compensation for an injury . . . they do not qualify as a cause of action." *Bernard v. Fed. Nat'l Mortg. Ass'n*, No. 12-14680, 2013 WL 1282016, at *7 (E.D. Mich. Mar. 27, 2013) (internal quotation marks omitted).

[2] Defendants mistakenly rely on Rule 12(b)(1) as a basis for asserting the defenses of absolute quasi-judicial immunity and *res judicata*. Immunity and *res judicata* (and its related doctrines) are affirmative defenses rather than bars to jurisdiction. *See Cooper v. Parrish*, 203 F.3d 937, 951 (6th Cir. 2000); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 520 n.4 (6th Cir. 2004). Thus, a motion asserting such defenses should be brought under Rule 12(b)(6). Although Defendants do not cite Rule 12(b)(6) as a basis for their motion, the Court will treat it as a rule 12(b)(6) motion with respect to the immunity and *res judicata* defenses.

**I. BACKGROUND**

Plaintiffs are veterans of the United States armed forces who have been honorably discharged and determined to be 100% service disabled by the United States Veterans Administration. (Dkt. # 1 at Page ID##2–4.) Plaintiffs own real property in the Township. In 2013, the State of Michigan passed Public Act No. 161, known as the Dannie Lee Barnes Disabled Veteran Property Tax Relief Act, which amended the homestead exemption for disabled soldiers and sailors set forth in M.C.L. § 211.7b. The exemption provides, in part, "Real property used and owned as a homestead by a disabled veteran who was discharged from the armed forces of the United States under honorable conditions . . . . is exempt from the collection of [real property] taxes . . . ." M.C.L. § 211.7b(1). To obtain the exemption, an applicant must file with the assessing officer an affidavit setting forth the necessary facts required to obtain the exemption, as well as a description of the real property. *Id.* The term "disabled veteran" includes a Michigan resident who "[h]as been determined by the United States department of veterans affairs to be permanently and totally disabled as a result of military service and entitled to veterans' benefits at the 100% rate." M.C.L. § 211.7b(3)(a).

In late 2013 or early 2014, Plaintiffs applied for the property tax exemption for disabled veterans and submitted the requisite documentation to the Township. In spite of Plaintiffs' documentation showing that the Veterans Administration had determined Plaintiffs to be 100% service disabled, the Board of Review and the Township determined that Plaintiffs were not entitled to the exemption because they were not disabled. In particular, Plaintiffs allege that the Board of Review questioned Plaintiff Wisniski's eligibility for the exemption because he had worked for years at a plant and had retired from that employment. (*Id.* at Page ID#7.) Plaintiffs allege that, in connection with the denial, Defendant Allen made statements showing a "clear preference" for younger and physically disabled veterans over older and mentally disabled veterans. (*Id.* at Page

3

ID#8.)  Plaintiffs further allege that Defendant Allen disparaged Plaintiff Gale and that, in connection with the denial of the exemptions, Defendants Allen and Ball spied on Plaintiff Gale at his home and in public and that Defendant Ball questioned Plaintiff Fuller's neighbors about Fuller's activities.  (*Id.* at Page ID#10.)

On May 27, 2014, the Michigan Tax Commission issued an Official Order stating that the Township and Board of Review had no authority, based on their feelings of fairness to other taxpayers in the community, to deny a disabled veteran exemption to an individual who had documentation showing that he met the statutory requirements for the exemption.  (*Id.* at Page ID#8 & dkt. # 1-6 at Page ID#35.)  The Order also admonished the Board of Review "for their insensitive remarks, inappropriate actions and illegal denial of these exemptions in direct opposition to the statutory requirements to grant these exemptions."  (*Id.* at Page ID#36.)  At least two Plaintiffs were required to appeal to the Michigan Tax Tribunal to obtain relief.  In connection with those appeals, on August 29, 2014, the Michigan Tax Tribunal reversed the Michigan Tax Commission's May 27, 2014 Official Order for lack of jurisdiction, because the petitioners had filed petitions for review by the Michigan Tax Tribunal, which had exclusive jurisdiction over the matter.  (Dkt. # 1-8.)  Regardless, all Plaintiffs were eventually granted exemptions.  (Dkt. #1 at Page ID#9.)

On August 26, 2014, Plaintiffs filed a complaint against the Township in the Manistee County Circuit alleging a claim for invasion of privacy/intrusion upon seclusion, solitude and private affairs.  (Dkt. #7-1.)  Plaintiffs alleged that, in connection with their applications for the disabled veteran property tax exemption, the Township failed to protect their sensitive personal identifiable information.  On January 5, 2015, the parties stipulated to the dismissal of the state-court case with prejudice.  (Dkt. # 7-2.)  Thereafter, Plaintiffs filed their complaint in the instant case.

4

## II. Discussion[3]

**A.     Defendants' Motion to Dismiss**

    **1.     TIA and Principles of Comity**

Defendants contend that the TIA and principles of comity bar this Court from exercising jurisdiction over Plaintiffs' federal-law claims under § 1983 and the ADA, as well as Plaintiffs' state-law claims under the Michigan Persons with Disabilities Civil Rights Act and the Michigan Elliot-Larsen Civil Rights Act.

The TIA, adopted in 1937, provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA bars federal district courts from hearing claims seeking declaratory or injunctive relief against a state's or a local government's tax scheme or taxing authority. *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522, 101 S. Ct. 1221, 1234 (1981) (noting that the TIA "was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes"); *California v. Grace Brethren Church*, 457 U.S. 393, 408, 102 S. Ct. 2498, 2507 (1982) (concluding that the TIA "also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional").

In determining whether the TIA applies, a court should first identify the relief sought. *Hibbs v. Winn*, 542 U.S. 88, 99, 124 S. Ct. 2276, 2284 (2004).   Plaintiffs are requesting damages, not

---

[3] The Court finds it unnecessary to recite the standards applicable to motions to dismiss under Rules 12(b)(1) and 12(b)(6) as they are well known and the parties should be familiar with them. The Court does note, however, that in addressing a motion under Rule 12(b)(6), it may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

5

injunctive or declaratory relief—the type of relief prohibited by the TIA. Moreover, Plaintiffs are suing Defendants for damages for alleged violations of their constitutional and federal rights. Because Plaintiffs have already been granted their requested exemptions and are already relieved from paying property tax, the relief they request would not restrain or interfere with the assessment or collection of state taxes. Accordingly, the TIA does not apply in this case.

Although the TIA does not preclude jurisdiction in this case, the Supreme Court has held that the doctrine of comity will preclude a damage claim under § 1983 if the determination would be as intrusive on the administration of state tax programs as injunctive or declaratory relief. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 113–14, 102 S. Ct. 177, 184–85 (1981). In *McNary*, the plaintiffs filed suit against various county and state tax officials under § 1983 alleging that the defendants deprived them of equal protection and due process by unequal taxation of real property. The plaintiffs sought actual damages resulting from the overassessments and punitive damages. *Id.* at 106, 102 S. Ct. at 181. The Supreme Court concluded that principles of federalism precluded federal courts from invoking jurisdiction to decide constitutional challenges to the administration of a state tax regime. The Court rejected the plaintiffs' assertion that a damages remedy under § 1983 would be less disruptive on state tax schemes than suits for injunctive relief, reasoning that a district court could award damages only if it first determined that the administration of the tax system violated the plaintiff's constitutional rights. *Id.* at 113, 102 S. Ct. at 184. The Court also noted that allowance of the suit would intrude on the enforcement of the state scheme:

> "To allow such suits would cause disruption of the states' revenue collection systems equal to that caused by anticipatory relief. State tax collection officials could be summoned into federal court to defend their assessments against claims for refunds as well as prayers for punitive damages, merely on the assertion that the tax collected was willfully and maliciously discriminatory against a certain type of property. Allowance of such claims would result in this Court being a source of appellate review of all state property tax classifications."

6

*Id.* at 114, 102 S. Ct. at 185 (quoting district court's opinion).  The Court concluded that comity precludes taxpayers from indirectly challenging state tax systems through damage actions under § 1983.  *Id.* at 116, 102 S. Ct. at 186.

In the instant case, comity does not preclude the exercise of jurisdiction.  Plaintiffs have received their requested property tax exemptions and are thus not asking this Court to grant them relief that will enable them to avoid paying their property taxes.  *See Hibbs v. Winn*, 542 U.S. 88, 107 n.9, 124 S. Ct. 2276, 2289 n.9 (2004) (noting that the Supreme Court has invoked comity "to preclude original federal-court jurisdiction only when plaintiffs have sought district-court aid in order to arrest or countermand state tax collection").  Nor do Plaintiffs assert that the state tax system is unconstitutional in any manner that requires a remedy by this Court.  Rather, they contend that Defendants' denial of their requests for veterans exemptions was arbitrary and discriminatory. In short, Defendants have failed to show that relief in this case will impact the collection of property taxes in any discernable manner.  *See Buchanan Cnty. v. Equitable Prod. Co.*, 773 F. Supp. 2d 638, 640 (W.D. Va. 2011) (finding the plaintiff's comity argument "unavailing" because "there [was] no challenge to the state tax law, and federal jurisdiction w[ould] not result in federal interference with the state's administration of its taxing authority").

    **2.**    ***Res Judicat*a**

Defendants contend that they are entitled to dismissal of Plaintiffs' claims with prejudice based on the prior Michigan case that Plaintiffs filed against the Township in Manistee County Circuit Court.  Under Michigan law, the doctrine of *res judicata* "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 418, 733 N.W.2d 755, 759 (2007). Michigan courts consider "a voluntary dismissal with prejudice . . . as an adjudication on the merits

7

for res judicata purposes." *Limbach v. Oakland Cnty. Bd. of Road Comm'rs*, 226 Mich. App. 389, 395, 573 N.W.2d 336, 340 (1997). In addition, Michigan courts construe the doctrine as "applying both to claims actually raised in the prior action and to 'every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not.'" *Id.* at 396, 573 N. W.2d at 340 (quoting *Sprague v. Buhagiar*, 213 Mich. App. 310, 313, 539 N.W.2d 587, 589 (1995)).

All of the elements of *res judicata* are met in this case. First, the stipulated dismissal with prejudice constitutes an adjudication on the merits. Second, both actions involve the same parties or their privies. Although Plaintiffs did not sue the Board of Review or Defendants Ball and Allen in the first case, the Board of Review and Ball and Allen are privies of the Township—a point Plaintiffs do not dispute. Finally, the claims in this case and in the state-court case arose out of the same transaction or occurrence—Plaintiffs' application for, and Defendants' denial of, the disabled veterans tax exemption. Plaintiffs contend that *res judicata* does not apply because the state-court case was an emergency proceeding that lasted only a short time and concerned the Township's improper publishing of Plaintiffs' confidential information rather than violations of Plaintiffs' civil rights. However, the state-court action remained open for approximately five months, during which time Plaintiffs could have asserted the claims they now raise in this case.

Plaintiffs contend that they could not have asserted these claims because they were not aware of them, but the initial denial of their exemptions occurred in March 2014 and the alleged actions and statements by Defendants Ball and Allen occurred prior to the time Plaintiffs dismissed their state-court case. Plaintiffs were thus well aware of the bases for the instant claims and could have asserted them in the state-court case. Moreover, although the claims in the first case differed from the claims in this case, the facts giving rise to both cases can be logically considered together. In fact, as Defendants note, in their state-court complaint, Plaintiffs alleged that they "properly applied

8

for the property tax exemption according to the procedure and the laws as stated in Public Act 161 of 2013," and Defendants "denied the applications for exemptions." (Dkt. # 71 at Page ID#73.) Therefore, all of Plaintiffs' claims are barred by *res judicata*.[4]

**B.    Request for Leave to File Amended Complaint**

Although Plaintiffs have not filed a formal motion for leave to amend their complaint, in their supplemental brief Plaintiffs have requested leave to file an amended complaint to clarify that Plaintiffs were the subject of ongoing harassment by Defendants Allen and Ball "well past the filing of the initial Circuit Court Complaint on August 27, 2014." (Dkt. # 13 at Page ID#195.) In short, Plaintiffs seek to amend in order to avoid the bar of *res judicata*. However, Plaintiffs cannot survive dismissal because their amendment is futile.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." However, a court is not required to mechanically grant requests for leave to amend. "[D]istrict courts can exercise their discretion to deny a motion for leave to amend based on 'undue delay, bad faith or dilatory motive . .. [or] futility of amendment." *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009) (quoting *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007)). A motion to amend is futile if the proposed amendment would not survive a motion to dismiss under Rule 12(b)(6). *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014).

Plaintiffs' request for leave to amend is futile because their proposed amended complaint would not survive a motion to dismiss. First, the proposed amendment does not allege any new facts that would support a claim different from those alleged in the original complaint that would not be barred by *res judicata*. The alleged "ongoing harassment" is the same course of conduct alleged in

---

[4]Because application of the doctrine of *res judicata* disposes of Plaintiffs' claims, the Court need not address Defendants Allen's and Ball's argument that they are entitled to absolute quasi-judicial immunity.

9

the original complaint that does not give rise to a separate claim. Moreover, Plaintiffs fail to allege any claim within this Court's federal question jurisdiction that would not be barred by *res judicata*. For instance, in Count I, Plaintiffs allege claims for equal protection and due process violations, but such claims pertain solely to the denials of the disabled veteran exemption, which occurred well before Plaintiffs filed their state-court complaint. The same is true for Plaintiff's ADA claim in Count II, which alleges an ADA violation based solely on the denial of Plaintiffs's requests for an exemption.[5] Furthermore, Plaintiffs' allegations of harassment in and after August of 2014—spying on or monitoring Plaintiffs at their homes, questioning Plaintiffs' neighbors about Plaintiffs' activities, and being told by a secretary at the Township office that she did not want Plaintiff Wisniski's 2015 exemption form—simply do not constitute "an egregious abuse of governmental power sufficient to state a substantive due process violation." *Vinson v. Campbell Cnty. Fiscal Court*, 820 F.2d 194, 198 (6th Cir. 1987). Accordingly, Plaintiffs' request for leave to amend will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss on the ground that Plaintiffs' claims are barred by *res judicata*. The Court will deny Plaintiffs' request for leave to amend.

An Order consistent with this Opinion will enter.

Dated: October 23, 2015            /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs' ADA claims fail in any event because the denial of their requests for exemption was not "by reason of" Plaintiffs' alleged disabilities. *See Whitfield v. Tennessee*, 639 F.3d 253, 258 (6th Cir. 2011). Plaintiffs do not allege that they were denied exemptions because of their disabilities, but because they were not sufficiently disabled. That is, Plaintiffs allege that they were denied exemptions because they were not physically disabled. Such an allegation does not state a claim for an ADA violation.